No. 31,453

PRODUCE EXCHANGE BANK OF KANSAS CITY, MISSOURI, *Appellee,* v. SCHOOL DISTRICT No. 86 IN NEMAHA COUNTY, *Appellant.*

(28 P. 2d 742.)

Opinion filed January 27, 1934.

*Harry A. Lanning,* of Seneca, for the appellant.

*Thomas M. Lillard,* of Topeka, *John B. Gage* and *Carson E. Cowherd,* both of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one by plaintiff as assignee of a school-district warrant to recover on the warrant. Set-off of a demand of the school district against plaintiff's assignor, existing while the assignor held the warrant, was not allowed, and defendant appeals.

By order of the district board, the director and clerk of a school district drew an order on the treasurer payable to the order of Goff Rural High School for $811.25. The order was dated March 30, 1931. On that day the order was presented to the treasurer, who indorsed it, "Presented for payment, but not paid for want of funds," and registered it as No. 119. The payee indorsed the warrant as assigned and payable to bearer, and for value delivered the warrant to the Home State Bank. Before the warrant was issued the Home State Bank orally agreed with the school district to purchase such warrants and carry them until such time as the school district had funds with which to pay them. The bank was depositary of the school district's funds, and between April 7, 1931, and January 14, 1932, the district deposited with the bank more than $3,700. On February 14, 1932, the balance in favor of the district was $836.92. On that day the bank closed its doors on account of insolvency, and a receiver was appointed. The school district presented a claim for the balance of its account, and the claim was allowed as a common claim. On January 24, 1932, and without notice to the school district, the Home State Bank transferred the warrant to plaintiff, the Produce Exchange Bank, which brought the suit against the school district.

The petition was in form and substance appropriate to the nature of the action. The answer pleaded the facts which have been recited, claimed a set-off of $836.92, with interest, and tendered an assignment to plaintiff of the claim certificate issued by the receiver. Other warrants were sued on in separate causes of action of the petition. For simplicity they have not been referred to. The school district offered to confess judgment for the excess above the offset. Judgment was rendered on the pleadings in favor of plaintiff for the sum of the warrants.

The code of civil procedure contains the following provisions:

"In the case of an assignment of a thing in action the action of the assignee shall be without prejudice to any set-off or other defense now allowed; but this section shall not apply to negotiable bonds, promissory notes, or bills of exchange, transferred in good faith and upon good consideration before due." (R. S. 60-402.)

"When cross demands have existed between persons under such circumstances that, if one had brought an action against the other, a counterclaim or set-off could have been set up, neither can be deprived of the benefit thereof by the assignment or death of the other or by reason of the statute of limitations; but the two demands must be deemed compensated so far as they equal each other." (R. S. 60-715.)

Set-off was not allowed at common law. Other states have statutes relating to set-off and counterclaim. In some the statutes have been narrowly interpreted to apply to those set-offs only which the original debtor might have asserted against the original creditor. In other states the statutes have been liberally interpreted and have been held to authorize any set-off which the debtor had against any intermediate assignee.

R. S. 77-109 reads:

"The common law, as modified by constitutional and statutory law, judicial decisions, and the conditions and wants of the people, shall remain in force in aid of the General Statutes of this state; but the rule of the common law, that statutes in derogation thereof shall be strictly construed, shall not be applicable to any general statute of this state, but all such statutes shall be liberally construed to promote their object."

Under the law of this state the warrant was a nonnegotiable instrument, and indorsement of it as payable to bearer neither enlarged nor restricted effect of the assignment by the payee. Because the original debtor and creditor were two school organizations, and the assignees were two banks, it may simplify description of the precise situation disclosed by the pleadings to designate the various organizations by letters of the alphabet.

A was indebted to B on a nonnegotiable instrument transferable by assignment and delivery. B assigned to C. While C held the instrument, a demand accrued in favor of A against C. C assigned to D, who sued A. The court unhesitatingly rejects the view that A's privilege of set-off was limited to demands against B, because to accept that view would be to emasculate R. S. 60-715.

It is suggested that if the legislature intended the statute should permit set-off of a demand against an intermediate assignee, the intention should have been expressed in language appropriate to that end. The obvious response is, the phraseology of the statute is appropriate to that end, and if the legislature intended set-off should be limited to a demand of the original debtor against the original creditor, the intention should have been expressed in language appropriate to that end.

If in this instance C, the Home State Bank, had sued A, the school district, on the warrant, it would be idle to say A could not offset the amount of its deposit with C. A and C were persons between whom cross demands existed under such circumstances that if C sued A the set-off could be pleaded. The statute declares that under

these circumstances A may not be deprived of benefit of the set-off by an assignment of C to D.

Plaintiff cites an early Alabama case in which it was predicted that if privilege of set-off against an intermediate assignee were permitted, it would put an end to assignment of choses in action, something which the law encourages. There are no statistics to show the prediction has been fulfilled in states which have long permitted set-off against intermediate assignees, and in those states neither the courts nor the legislatures have seen fit to withdraw the privilege.

When B assigned to C, C took subject to A's privilege to set off a demand against B. C took that risk. If that risk hampers assignment of choses in action, it does so only in accordance with the dictates of justice and equity. If C desired to protect himself, he could inquire of A. Any prospective assignee may do the same thing with respect to possible set-off against his immediate assignor. Should he take the risk, it is a risk of the same character as that which the first assignee took.

In this instance C was a bank, and A's demand against C consisted of a deposit with the bank. It is suggested that if generally a demand in favor of the debtor against an intermediate assignee may be used as an offset, the demand must be a matured demand, and in this instance A had not matured his demand by drawing a check, or otherwise. The statute is that if cross demands exist between A and C under such circumstances that if C should sue A, A could set up his demand, etc. In this instance the situation was such that if the Home State Bank had sued the school district, the school district could have set up its deposit as an offset without drawing a check or doing anything else to mature payment of the sum on deposit, in advance of pleading it.

Restatement, Contracts, section 167, lends no aid to interpretation of the Kansas statutes by which this case is governed.

The judgment of the district court is reversed, and the cause is remanded with direction to render judgment on the merits of the controversy in accordance with the prayer of the answer.

HUTCHISON, J., not sitting.